## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ERICK CAFFARELLO, on behalf of himself and on behalf of all others similarly situated, | ) ) ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) | No. 1:12-cv-08300 |
| v. | ) ) | Hon. Thomas M. Durkin |
| ADS LOGISTICS CO., LLC | ) ) | |
| Defendant. | ) | |

### ORDER OF FINAL SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE

WHEREAS, on July 24, 2014, the Court entered its Order of Preliminary Approval, Notice to the Settlement Class, and Conditional Certification. Dkt. #64 (the "Preliminary Order");

WHEREAS, individual notice complying with Fed. R. Civ. Pr. 23 was sent to the last-known address of each member of the Settlement Class, and follow-up procedures outlined in the Settlement Agreement and Stipulation, made and entered into on June 4, 2014 ("Settlement Agreement"), filed with the Court on July 23, 2014, Dkt. #61-2, and approved by the Preliminary Order, have been completed;

WHEREAS, counsel for the parties have reported that there have been two (2) timely requests for exclusion from the Settlement Class;

WHEREAS, one (1) objection to the settlement was made by a member of the Settlement Class;

WHEREAS, a hearing on final approval of the settlement was held before the Court on November 24, 2014;

WHEREAS, the Court, being advised, finds that good cause exists for entry of the below Order; and

WHEREAS, upon consideration of the record and submissions in support of settlement approval, class certification, and issuance of notice to the Settlement Class, and on the basis of the Court's knowledge of the proceedings;

IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:

1.      Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement.

2.      The Court finds that notice to the Settlement Class has been completed in conformity with the Preliminary Order.  The Court finds that this notice was the best notice practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfies all applicable requirements of law and due process.

3.      The settlement of this class action on the terms set forth in the Settlement Agreement, which is specifically incorporated herein by reference, is approved as being fair, adequate and reasonable in light of the degree of recovery obtained in relation to the significant risks faced by the Settlement Class in litigating the claims.  The Settlement Class is properly certified as a class as part of this settlement.  The relief with respect to the Settlement Class is appropriate, as to the individual members of the Settlement Class and as a whole.

4.      The Settlement Class is defined as: All persons residing in the United States or its territories to whom Defendant provided, during the Class Period, either: (1) a FCRA disclosure and authorization form for applicants for non-driver positions; or (2) a paper version of the FCRA disclosure and authorization form for applicants for driver positions, excluding (i) all

persons who timely and validly request exclusion from the Settlement Class; (ii) Defendant's attorneys; (iii) Plaintiff's attorneys; (iv) any judge who has presided over either mediation or disposition of this case and the members of his or her immediate family.

5.      The members of the Settlement Class for whom the Settlement Administrator in this action issued a Notice of Class Action Settlement are bound by the terms of the Settlement Agreement, and shall conclusively be deemed to have released all settled claims as described in the Settlement Agreement, which provides:  Any Class Member who has not timely and properly excluded himself or herself from the Class pursuant to Fed. R. Civ. Proc. 23, and his or her assigns, heirs, successors and personal Representative, hereby releases, shall be enjoined from suing, and agrees to refrain from proceeding in any way against the Released Parties as to: (i) any and all claims, related to a disclosure or authorization in connection with obtaining, or causing to be obtained, consumer reports of Plaintiff or the Class Members for employment purposes, at any time between and including October 14, 2009 and March 1, 2014, in violation of the Fair Credit Reporting Act provisions 15 U.S.C. 1681b(b)2A(i) and 1681b(2)(A)(ii); and (ii) any and all claims, actions, causes of action, rights or liabilities based on, arising out of, or in any way relating or pertaining to claims that were or that could have been made in the Litigation based on the disclosures or authorization forms at issue in the Complaint, or any of the events, statements or allegations contained in the Complaint regarding said forms, occurring at any time between and including October 14, 2009 and March 1, 2014.

6.      Defendant ADS Logistics Co., LLC, and each of the Released Parties described in the Settlement Agreement, are bound by the terms of the Settlement Agreement.

7.      Neither this Order nor any aspect of this settlement is to be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant.  In

particular, and without limiting the generality of the foregoing, nothing in this Order or in this settlement shall be offered or construed as an admission of, or evidence of, liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendant or their employees and agents. In addition, and also without limiting the generality of the foregoing, nothing about this Order or the settlement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in this action or any other action for adversarial, rather than settlement, purposes.

8. The Court approves Class Counsel's request for attorneys' fees and expenses in the amount of $65,000.00, to be paid to Class Counsel from the Settlement Amount as set forth in the Settlement Agreement.

9. The Court approves Class Counsel's request for payment in the amount of $5,000.00 to the Named Plaintiff, Erick Caffarello, for his services as class representative, in addition to the amounts that Named Plaintiff will receive as a Class Member, which shall be paid from the Settlement Amount, as provided in the Settlement Agreement.

10. The Parties and Settlement Administrator are directed to consummate the terms and provisions of the settlement, and all payments provided under the Settlement Agreement are to be distributed in the manner and schedule set forth in the Settlement Agreement.

11. Any and all objections to the final approval of this settlement are hereby overruled.

12. The Clerk shall enter final judgment dismissing this action on the merits with prejudice and without costs or attorney fees to any party, other than as provided in the Settlement Agreement and as set forth in this Order. The claims that are thereby dismissed shall include all claims encompassed by the release set out in the Settlement Agreement.

4

13.     However, dismissal of this case is without prejudice to the rights of the parties to enforce the terms of the Settlement Agreement.  Without affecting the finality of this Order, or the judgment to be entered pursuant hereto, in any way, the Court retains jurisdiction over this matter for purposes of resolving any disputes which may arise under the Settlement Agreement as set forth in paragraph 9(e) of the Settlement Agreement.

DATED this 24 day of November, 2014.

Honorable Thomas M. Durkin
United States District Judge